# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 2, 2010

No. 09-50548
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN ALBERTO RANGEL-TAPIA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:09-CR-14-1

Before JOLLY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Juan Alberto Rangel-Tapia appeals his sentence of 60-months' imprisonment, following his guilty-plea conviction to illegal reentry into the United States. According to Rangel, and consistent with his objection in district court when this sentence was imposed, the sentence, which exceeded the advisory guidelines range, is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-50548

Although post-*Booker* (2005), the Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). Accordingly, we first determine whether any significant procedural error occurred. *Id*.

If the sentence is procedurally sound, we consider whether it was substantively reasonable under "the totality of the circumstances, including the extent of any variance from the Guidelines range". *Id*. When a sentence is outside that range, our court gives deference to the sentencing court's decision that the § 3553(a) factors justify the variance. *Id*.

According to Rangel, the district court gave undue weight to certain § 3553(a) factors and failed to give adequate consideration to others. He maintains that the non-guidelines sentence overstated the seriousness of his illegal-reentry offense and the seriousness of his criminal history. Rangel also contends: he reentered the country in order to reunite with his family; and, the court failed to consider his personal history and characteristics, including his family ties to the United States, his steady employment record, and his problems with alcoholism.

The court stated that Rangel had previously been removed from the United States on four occasions; that he had used several aliases and false birth dates; and that he was in the highest possible criminal history category, despite the fact that several of his prior convictions had not been considered. The court also referred to Rangel as a "menace" because of his steady criminal history and

No. 09-50548

noted that he did not provide much assistance to his family because of his actions.

The court's oral and written reasons for Rangel's sentence show that it was particularly concerned with deterrence as well as the need to impose a just punishment, to promote respect for the law, and to protect the public. All of these are proper factors to consider when imposing a sentence. *See* § 3553(a).

In sum, the district court did not abuse its discretion. The sentence imposed "was reasonable under the totality of the relevant statutory factors". *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (quotation marks omitted); *see also United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir.) (upholding an upward variance based on the nature and characteristics of the defendant and his criminal history), *cert. denied*, 129 S. Ct. 625 (2008).

AFFIRMED.